IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IRINEO GARCIA,

                Plaintiff,

vs.                                          Case No. 19-3108-SAC

DAN SCHNURR, et. al.,

                Defendants.

**O R D E R**

This case is before the court to consider plaintiff's filings in response to the court's order to show cause (Doc. No. 22) issued on June 14, 2021. Plaintiff has filed a motion to supplement his amended complaint (Doc. No. 25), a response to the show cause order (Doc. No. 26), and a motion to appoint counsel (Doc. No. 27). The court shall incorporate by reference the description of plaintiff's claims in the show cause order to supply a background for discussion.

I. Motion to supplement (Doc. No. 25)

The court shall treat plaintiff's motion to supplement as a motion to amend the amended complaint.[1] The motion shall be granted and the factual allegations enumerated in plaintiff's motion shall be added to the amended complaint. Plaintiff is cautioned to

---

[1] The factual allegations contained in the motion do not fit the criteria for a supplemental pleading set forth in Fed.R.Civ.P. 15(d) because the events they reference did not occur after the date of the amended complaint.

1

follow the terms of Local Rule 15.1 when filing a motion to amend the complaint in the future.

II. Response to show cause order (Doc. No. 26)

    A. Count One

Count One of the amended complaint alleges a Fourteenth Amendment violation.  In the show cause order, the court stated that plaintiff's allegations did not describe a substantive or procedural due process violation, or an equal protection violation.

In response, plaintiff contends that he has alleged conscience-shocking behavior that describes a substantive due process claim.  "Substantive due process prohibits 'only the most egregious official conduct.'"  Koessel v. Sublette County Sheriff's Dept., 717 F.3d 736, 750 (10th Cir. 2013)(quoting Seegmiller v. LaVerkin City, 528 F.3d 762, 767 (10th Cir. 2008)).  "Even most intentionally inflicted injuries caused by misuse of government authority will not meet this standard."  Id.

The court shall dismiss plaintiff's substantive due process claim for two reasons.  First, the court does not believe plaintiff's allegations rise to the "egregious" level of misconduct that warrants such a claim.  Second, plaintiff does not distinguish his misconduct allegations from those supporting his Eighth Amendment claims.  "[A] substantive due process claim is unavailable when the plaintiff could bring the same claim under an

'explicit textual source of constitutional protection.'" Bundy v. Stommel, 168 Fed.Appx. 870, 874 (10th Cir. 2006)(quoting Graham v. Connor, 490 U.S. 386, 395 (1989)); see also Huff v. Reeves, 996 F.3d 1082, 1091-92 (10th Cir. 2021)(dismissing substantive due process claims involving a plaintiff shot multiple times by police as better analyzed as excessive force claims under Fourth Amendment); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1203 (10th Cir. 2003)(dismissing substantive due process claims that are more precisely addressed under the Fourth Amendment).

Plaintiff has added facts to the amended complaint in his motion to amend or supplement (Doc. No. 25) which require a different analysis of plaintiff's equal protection claim than the court employed in the show cause order at Doc. No. 22. Plaintiff has added allegations that he was treated less favorably than a white inmate with a similar disability (an amputated lower left leg). Plaintiff asserts that he is Hispanic and that there was no penological reason to support his treatment by prison authorities. The court finds that this is sufficient to state a plausible equal protection claim. See Taylor v. Sebelius, 350 F.Supp.2d 888, 899 (D.Kan. 2004)(citing case law holding that differential treatment of similarly situated persons without rational basis to explain difference in treatment is critical to an equal protection claim).

Plaintiff alleges Count One against defendants Schnurr, Kroeker and Sheridan. While it may be a close call, the court

3

finds that plaintiff's allegations support a plausible claim that these defendants personally participated in causing the alleged equal protection violation.

    B. Count Two

Plaintiff asserts a violation of the Eighth Amendment in Count Two. For the reasons explained in the show cause order (Doc. No. 22, pp. 7-11), the court maintains that plaintiff has not stated a plausible Eighth Amendment claim. The court acknowledges that there is case law supporting an Eighth Amendment claim where disabled inmates fell and were injured in a non-handicap shower. E.g., Palmer v. Watterson, 2021 WL 640637 *4 (W.D.Pa. 1/29/2021)(citing other cases). The court finds that this case is distinguishable because, although plaintiff contends that the accommodations were insufficient, accommodations were in place to assist him with a shower. He was using a shower seat (which plaintiff claims was slippery when wet) and the shower had a railing for support. Under these alleged facts and given the case law cited in the show cause order, the court believes that plaintiff has not stated facts describing deliberate indifference to a serious risk of harm by any named defendant.[2]

---

[2]The court cited Reynolds v. Powell, 370 F.3d 1028, 1031-32 (10th Cir. 2004) and: Coleman v. Sweetin, 745 F.3d 756, 764-65 (5th Cir. 2014)(allegation of multiple falls in prison shower by inmate using crutches does not avoid general rule that prison slip and fall incidents are not constitutional violations); Pyles v. Fahim, 771 F.3d 403, 410-11 (7th Cir. 2014)(wet stairs used to access showers, of which there had been complaints, did not constitute a hazardous condition of confinement); Flandro v. Salt Lake County Jail, 53 Fed.Appx. 499 (10th Cir. 2002)(slip and fall on soapy shower floor did not state an Eighth

The court further acknowledges the case law plaintiff has cited to claim that the Eighth Amendment was violated when defendants gave him Tylenol 3 for pain after knee surgery instead of prescribed pain medication.[3]  The court finds these cases to be distinguishable.[4]  Based upon the case authority the court cited in the show cause order (Doc. No. 22, pp. 10-11), the court finds that plaintiff's medical allegations do not state a plausible Eighth Amendment claim.

C. Count Three

Count Three of the amended complaint alleges a violation of Title II of the ADA.  The court believes plaintiff has stated a plausible claim in Count Three.  Plaintiff states in his response to the show cause order that he is suing defendants Schnurr, Kroeker, Sheridan and Gorges in their official capacities in his ADA claim.  Suing a state official in his or her official capacity is the same as suing the State.  Muscogee (Creek) Nation v. Oklahoma Tax Commission, 611 F.3d 1222, 1227 (10th Cir. 2010)(citing Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)).  Therefore, to avoid duplication from suing multiple state officials in their official capacities, the court shall treat Count

---

Amendment claim, despite serious injury); and Wright v. Eichinger, 2019 WL 6612247 (D. Kan. 12/5/2019)(slip and fall where inmate had repeatedly requested that rubber mats be returned to the shower).
[3] Plaintiff does not name the prescribed pain medication.
[4] Jones v. Simek, 193 F.3d 485, 492 (7th Cir. 1999) concerns a denial of any pain medication when pain medication had been prescribed.  The other cases cited by plaintiff do not involve pain medication disputes.

Three as being brought against defendant Schnurr alone in his official capacity.

    D. Count Four

Count Four of the amended complaint asserts illegal retaliation by four defendants.[5] In the court's show cause order, the court found that plaintiff did not state a plausible retaliation claim against those defendants because the facts alleged in the complaint failed to show that actions taken against plaintiff were motivated by plaintiff's filing of a grievance or other protected conduct. Plaintiff's response to the show cause order asserts that plaintiff was told by a prison officer apparently months after plaintiff filed his grievance against Kroeker, that defendant Kroeker was in charge of East Unit moves and that the unit teams did not want plaintiff to go back to "East Unit," although a move to East Unit would alleviate plaintiff's issues with ADA accommodations. This allegation is not sufficient to show that plaintiff was retaliated against because he filed a grievance. The denial of a move back to East Unit was not temporally proximate to the grievance against Kroeker and the opposition of the unit teams is not linked to plaintiff's grievance.[6] See Sherratt v. Utah Dept. of Corrections, 545

---

[5] Those defendants are: Kroeker, Sheridan, Gorges and Richards.

[6] Plaintiff may also be arguing that he was denied the move back to East Unit because he filed this lawsuit. His allegations, however, do not show that the denial of the move was temporally proximate to the lawsuit, that the persons who denied the move were aware of the lawsuit, or that they denied the move

Fed.Appx. 744, 748 (10th Cir. 2013)(dismissing conclusory retaliation claim on similar grounds).

III. Motion for appointment of counsel (Doc. No. 27)

Plaintiff has filed a motion for appointment of counsel. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).

The role of the undersigned judge in this matter is to screen this case to determine whether summons should issue to a defendant. At the screening stage, the court does not believe appointment of counsel is required, although plaintiff has undoubtedly been somewhat hampered in his efforts because he is a prison inmate. The court finds that plaintiff has been able to present his legal and factual claims cogently and intelligently for the court's consideration. Therefore, the motion for appointment of counsel

---

because of the lawsuit. Therefore, plaintiff does not plausibly allege that he was retaliated against by defendants for filing this lawsuit.

is denied without prejudice to plaintiff raising his request for appointed counsel after the screening stage of this case has been completed.

IV. Conclusion

In conclusion, the motion to supplement (Doc. No. 25), treated as a motion to amend, shall be granted.  The facts labelled as #101-111 shall be considered part of the amended complaint at Doc. No. 21.  Plaintiff's motion for appointment of counsel (Doc. No. 27) shall be denied without prejudice.  Finally, the court directs that Counts Two and Four of the amended complaint be dismissed, that all defendants be dismissed except defendant Schnurr in his official capacity and defendants Schnurr, Kroeker and Sheridan in their individual capacities, and that this case proceed on plaintiff's equal protection claim in Count One against defendant Schnurr, Kroeker and Sheridan as individuals and plaintiff's ADA claim in Count Three against defendant Schnurr in his official capacity.  The Clerk of the Court shall prepare and issue for service pursuant to Fed.R.Civ.P. 4(c) summons and a copy of the amended complaint for delivery to defendants Schnurr, Kroeker and Sheridan.

**IT IS SO ORDERED.**

Dated this 25th day of August 2021, at Topeka, Kansas.

s/Sam A. Crow  _____
U.S. District Senior Judge