IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IRINEO GARCIA,

                Plaintiff,

vs.                                        Case No. 19-3108-SAC

DAN SCHNURR, et. al.,

                Defendants.

**O R D E R**

This case is before the court upon plaintiff's motion to reconsider the court's dismissal of plaintiff's Eighth Amendment claim. Doc. No. 29. A motion for reconsideration is an opportunity for the court to: 1) correct manifest errors of law or fact; 2) review newly discovered evidence; or 3) review a prior decision in light of a recent change in the law. Neonatal Prod. Grp., Inc. v. Shields, 312 F. Supp. 3d 1010, 1020-21 (D. Kan. 2018). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." Kustom Signals, Inc. v. Applied Concepts, Inc., 181 F.R.D. 489, 492 (D.Kan. 1998). A party should not bring a motion for reconsideration to raise arguments or present evidence that should have been raised in the first instance, or to rehash arguments

previously considered and rejected by the court. <u>Shields</u>, 312 F.Supp.3d at 1020-21.

Plaintiff has had multiple opportunities to express his position regarding his Eighth Amendment claim. See Doc. Nos. 1, 21, 25 and 26. Plaintiff's motion for reconsideration is a rehash of previously considered arguments. For this reason and the reasons that follow the motion shall be denied.

The motion for reconsideration addresses defendants' alleged failure to accommodate plaintiff's disability (right leg amputated below the knee) by providing access to safe showering facilities. On August 10, 2018 at Hutchinson Correctional Facility (HCF), plaintiff fell in a shower which had a seat plaintiff alleges was slippery and a railing plaintiff alleges was awkward to use. Plaintiff sustained a serious knee injury.

In the motion for reconsideration, plaintiff alleges that two prison officers (defendants Gerald Sheridan and David Gorges) showed deliberate indifference to his health and safety because they moved plaintiff from a "handicap pod" to a pod that had no safety precautions for disabled inmates. Doc. No. 29, p. 1. As the court reads the amended complaint (Doc. No. 21), plaintiff alleges that in 2017 at HCF he was moved to a dorm that did not have any facilities for disabled inmates and was housed there for 61 days. Doc. No. 21, ¶¶ 27-38. Importantly, plaintiff does not

allege that he suffered an injury because of this move or any move ordered by Gorges or Sheridan.

Under the doctrine of standing, even if plaintiff had once endured dangerous conditions which may have been unconstitutional, the absence of an injury or an imminent threat of injury prevents plaintiff from bringing an Eighth Amendment claim concerning those conditions.[1]  See Lewis v. Casey, 518 U.S. 343, 349-50 (1996)(discussing standing to bring a constitutional claim); Requena v. Roberts, 893 F.3d 1195, 1207 (10th Cir. 2018)(discussing a denial of hygiene items without corresponding injury); Berryhill v. Schriro, 137 F.3d 1073, 1076-77 (8th Cir. 1998)(discussing an alleged assault as an Eighth Amendment claim).  The injury described in the amended complaint occurred in August 2018 when plaintiff was using a shower which had a seat and handrail for the safety of disabled inmates.  Plaintiff does not allege an actual injury caused in 2017 by defendant Sheridan or Gorges.  Nor does he allege there is a current imminent threat of injury or even that there was one at the time this case was filed.[2]

The motion for reconsideration also argues that defendants Sheridan, Gorges, Dan Schnurr and Misti Kroeker were aware of the

---

[1] Plaintiff's citation to Farmer v. Brennan, 511 U.S. 825, 845 (1994) and not having to "await a tragic event" before obtaining relief for an Eighth Amendment violation, concerns injunctive relief.  Plaintiff has not alleged grounds for injunctive relief in the amended complaint.

[2] Plaintiff states in his motion for reconsideration that he was accommodated after his injury.  Doc. No. 29, p. 3.

hazardous conditions plaintiff faced in part because, in response to a grievance plaintiff filed, the Kansas Department of Corrections instructed as follows:  "It appears that with the offender's amputation and left leg injuries he would require seated showering."  Doc. No. 21, p. 20 (marked "Exhibit A").

The court maintains that plaintiff has not alleged facts plausibly showing that defendants were deliberately indifferent to an excessive risk of serious harm.  Plaintiff had seated showering at the time of his injury.  There was also a handrail.  Plaintiff does not allege prior injuries because the shower facilities he used on August 10, 2018 were inadequate.  Consistent with the case law the court cited in Doc. Nos. 22 (pp. 7-8) and 28 (p. 4), the court rejects plaintiff's motion for reconsideration.

The motion (Doc. No. 29) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of September 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge

4