IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IRINEO GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 19-cv-3108-DDC-TJJ |
| | ) |
| DAN SCHNURR, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this complaint alleging several causes of action. Following screening by District Senior Judge Sam A. Crow, two causes of action remain pending: an equal protection claim in Count One against Defendants Schnurr, Kroeker and Sheridan as individuals, and an ADA claim in Count Three against Defendant Schnurr in his official capacity. (ECF No. 28) Judge Crow also denied Plaintiff's motion for appointment of counsel without prejudice to Plaintiff renewing his motion after the screening process concluded. This matter is before the Court on Plaintiff's renewed Motion for Appointment of Counsel (ECF No. 46).

Plaintiff sets forth his unsuccessful attempts to obtain counsel and states that he has very limited knowledge of civil law. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case.[1] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[2] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[2] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

warrant the appointment of counsel."[3] It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.[4]

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[5] The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named Defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 46) is denied without prejudice.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2021 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[3] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[4] *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).